Shrestha v. Holder

BIA
Lamb, IJ
A097 511 077

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand thirteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           SUSAN L. CARNEY,
>           CHRISTOPHER F. DRONEY,
>                   *Circuit Judges.*

_____

PARAS SHRESTHA,
>           *Petitioner,*

>           v.                                              12-3667
>                                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:         Paras Shrestha, Woodside, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Ada E. Bosque, Senior
                        Litigation Counsel; Yamileth G.
                        Davila, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Paras Shrestha, a native and citizen of Nepal, seeks review of an August 24, 2012, order of the BIA, affirming the October 14, 2010, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which pretermitted his application for asylum and granted withholding of removal. *In re Paras Shrestha*, No. A097 511 077 (B.I.A. Aug. 24, 2012), *aff'g* No. A097 511 077 (Immig. Ct. New York City October 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither

2

changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Nevertheless, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). In order to determine whether jurisdiction exists in an individual case, we must "study the arguments asserted" in the petition for review to determine, "regardless of the rhetoric employed[,] . . . whether it merely quarrels over the correctness of the [agency's] factual findings or justification for [its] discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues may be addressed. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007). We also "lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (citations omitted).

In pretermitting Shrestha's asylum application, the agency determined that he had not established changed circumstances on the basis of the Maoists coming to power

3

following the 2008 elections in Nepal.  In his brief, which we have liberally construed as raising the strongest arguments that it suggests, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), Shrestha contends that the agency denied him due process by disregarding his changed circumstances argument and supporting evidence. However, contrary to Shrestha's assertion, the agency explicitly considered and rejected his claim of changed circumstances on the basis of the 2008 elections, noting both that Shrestha claimed a fear of the Maoists years before the election and had stated that he intended to file an application in 2007.  Moreover, while we have recognized "that the failure of an IJ to give any consideration to [] an undeniably probative piece of evidence amounts to a denial of the traditional standards of fairness that due process demands," *Dong Zong Zheng v. Mukasey*, 552 F.3d 277, 286 (2d Cir. 2009), Shrestha points to no supporting evidence in the record that was overlooked.  Accordingly, Shrestha's challenge to the agency's pretermission of asylum, which merely employs the rhetoric of a constitutional claim, is too "insubstantial and frivolous . . . to invoke federal-question jurisdiction." *Barco-Sandoval*, 516 F.3d at 40 (citations omitted).

4

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```